UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOPETON FRANCIS,

                    Plaintiff,

v.

CITY OF NEW YORK; OFFICER JOHN DOE;
EDWIN GOULD; and EULIK SAMPSON,

                    Defendants.
-----------------------------------------------------------x

**DECISION & ORDER**
19-CV-4554 (WFK)

**WILLIAM F. KUNTZ, II, District Judge.**

Plaintiff Hopeton Francis, who at the time of filing the complaint, was incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.[1] By order dated July 31, 2019, the United States District Court for the Southern District of New York transferred the action to this Court. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff's claim against the City of New York is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is, however, granted thirty (30) days from the date of this Order to submit an amended complaint as detailed below.

## BACKGROUND

The following facts are drawn from Plaintiff's pleading, the allegations of which are assumed to be true for purposes of this decision.[2] Plaintiff alleges he was falsely arrested on December 19, 2017, after a case manager from the Edwin Gould Children's Services in

---

[1] It appears that Plaintiff has since been released from custody.
[2] Plaintiff filed a substantially similar case against the same Defendants. *See Francis v. City of New York*, 18-cv-5376 (WFK). That action was dismissed without prejudice because the Court's mail was returned as undeliverable, the Court had no way of locating Plaintiff, and Plaintiff had failed to notify the Court of his address.

1

Brooklyn, New York, lodged a false complaint about Plaintiff with a New York City Police Officer. *See* Compl. at 4, ECF No. 6. Plaintiff alleges the case was dismissed on June 5, 2018. *Id.* Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015), and to construe them "to raise the strongest arguments that they suggest," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

Plaintiff fails to state a claim for relief against the City of New York because "a municipality can be [only] held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability requires the Plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Demosthene v. City of New York*, 18-cv-1358, 2019 WL 181305, at *8 (E.D.N.Y. Jan. 10, 2019) (Ross, J.).

3

Plaintiff makes no factual allegations against the City. *See Gregory v. City of New York*, 18-cv-320, 2018 WL 4471633, at *2-3 (E.D.N.Y. Sept. 18, 2018) (Chen, J.) (noting Plaintiff set forth no facts in support of his claim for municipal liability); *Treadwell v. Cty. of Putnam*, 14-cv-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (karas, J.) (holding the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries" but instead merely "detail[ed] an isolated series of incidents"). Therefore, Plaintiff's claim against the City of New York is dismissed. 28 U.S.C. § 1915A.

\* \* \*

Liberally construed, Plaintiff may be seeking to assert a claim for false arrest and malicious prosecution. Plaintiff, however, fails to set forth sufficient facts in order for the Court to consider his claims.[3] Plaintiff has simply alleged he was arrested, and his case was dismissed. Plaintiff fails to state the charges for which he was arrested, whether he was arraigned on the

---

[3] To state a claim for false arrest, a plaintiff must show: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks and citation omitted). The existence of probable cause to arrest, however, renders the confinement privileged and "is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (internal quotation marks and citation omitted).

To sustain a claim for malicious prosecution under Section 1983, a plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; (4) actual malice as a motivation for defendant's actions," and (5) that his Fourth Amendment rights were violated after legal proceedings were initiated. *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks and citations omitted),

charges, and whether he was ultimately prosecuted on the charges. Further, Plaintiff fails to plead any plausible facts regarding Defendants Edwin Gould Children's Services and Eulik Sampson's involvement in any alleged constitutional violation.

Therefore, in light of Plaintiff's *pro se* status, he is granted thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional rights and name proper Defendants. For each Defendant that Plaintiff names in the caption of the amended complaint, Plaintiff must include a brief description of what each Defendant did or failed to do, and how each Defendant's act or omission caused him injury. As to the John Doe Police Officer, Plaintiff should identify his place of employment, and to the best of his ability provide a physical description of the Officer.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff include in the amended complaint all the necessary information that was contained in the original complaint, except he should not include claims against the City of New York because those claims are dismissed.

The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment shall enter. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed against the City of New York, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Plaintiff is granted thirty days leave from the date of this Order to file an amended complaint as detailed above. Any amended complaint Plaintiff elects to file will be reviewed for sufficiency. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*s/ William F. Kuntz II*

WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 12, 2019
Brooklyn, New York